**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GREGORY KING** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **CIVIL NO. 09-CV-1749** |
| | : | |
| **JOHN KERESTES, et al.** | : | |
| **Respondents** | : | |

**O R D E R**

Petitioner Gregory King objects to the Magistrate's recommendation that I deny his habeas corpus petition. 28 U.S.C. § 2254. I will overrule Petitioner's *pro se* objections and adopt the Magistrate's Report and Recommendation.

**Background**

In June 2001, Petitioner was convicted by a jury in the Montgomery County Common Pleas Court of burglary, indecent assault, indecent exposure, and criminal attempt to commit involuntary deviate sexual intercourse. See Commonwealth v. King, No. 773 EDA 2002 (Pa. Super. Ct. Feb. 13, 2003). Petitioner was sentenced on June 25, 2001 to an aggregate term of twenty-five to seventy years imprisonment. Id.

The Commonwealth presented evidence that on July 16, 2000, Sabrina Power entered her apartment at night to find Petitioner hiding in her bathroom. After a violent struggle, Petitioner forced Ms. Powers onto her bed and demanded oral sex. When she refused, Petitioner masturbated and fled. Id. at 2.

Petitioner filed a direct appeal to the Pennsylvania Superior Court, arguing that the trial court had improperly admitted evidence that on prior occasions police had seen Petitioner in the victim's apartment complex. Id. at 4. Petitioner argued that this was evidence of prior bad acts that should have been excluded under Pennsylvania state law. See Pa. R. E. 404(b). On February 13, 2003, the Superior Court agreed, ruling that the admission of Petitioner's prior contacts with police was impermissibly prejudicial. The Commonwealth appealed. On September 28, 2004, the Supreme Court of Pennsylvania vacated the February 13th Order and remanded to the Superior Court for reconsideration in light of Commonwealth v. Young, 849 A.2d 1152 (Pa. 2004) ("[O]nly those references that expressly or by reasonable implication also indicate some involvement in prior criminal activity . . . rise to the level of prejudicial error"). On remand, the Superior Court upheld the judgment of sentence, concluding that testimony of prior police contacts with Petitioner did not impermissibly imply that Petitioner had been involved in prior criminal conduct. See Commonwealth v. King, No. 773 EDA 2002 (Pa. Super. Ct. Feb. 3, 2005).

On August 21, 2006, Petitioner filed a *pro se* request for relief under Pennsylvania's Post Conviction Relief Act. See Petition for Post-Conviction Relief, No 7921-00 (August 21, 2006). The state court appointed PCRA counsel, who investigated the claims Petitioner sought to raise and determined they were baseless. See *Letter from Bonnie-Ann Brill Keagy to Gregory King* (April 25, 2007). Accordingly, she submitted to the Court a "no merit" letter in accordance with Pennsylvania law. See Id.; Commonwealth v. Finley. 550 A.2d 213 (Pa. Super. 1988). On May 27, 2009, the PCRA Court denied relief. Petitioner's *pro se* appeal from this denial was

unsuccessful: the Superior Court affirmed and the Supreme Court denied *allocatur*. See Commonwealth v. King, No. 773 EDA 2002 (Pa. Super. Ct. Feb. 12, 2008).

On April 8, 2009, Petitioner filed the instant *pro se* petition for habeas relief. 28 U.S.C. § 2254; (Doc. No. 1.) Construing his Petition liberally, he appears to make the following claims:

1. The trial court denied Petitioner a fair trial by "improperly allow[ing] references at trial to Petitioner's prior contact with police";
2. Petitioner's enhanced sentence was illegal and unsupported by adequate evidence;
3. PCRA counsel was ineffective in failing to advise Petitioner of his appellate rights, failing to advise Petitioner of his right to counsel so that he could challenge the denial of PCRA relief, and failing to assist Petitioner in obtaining counsel for his appeal from the PCRA Court's Order;
4. Trial counsel was ineffective in failing to object to a cautionary jury instruction regarding Petitioner's prior contact with police;
5. Trial counsel was ineffective in failing to object to the prosecutor's opening argument that the crime "had left an 'indelible' image of the perpetrator in the mind of the victim";
6. Trial counsel was ineffective in failing to object to the victim's testimony that she was certain in identifying Petitioner;
7. Trial counsel was ineffective in failing to object to testimony by police officers that they did not notice Petitioner's facial hair;
8. Trial counsel was ineffective in failing to request a cautionary jury instruction respecting the victim's identification of Petitioner;
9. Trial counsel was ineffective in failing to object to the prosecutor striking all African-American venirepersons;
10. Trial counsel was ineffective in failing to object to the prosecutor's use at trial of a diagram of the victim's apartment complex; and
11. Trial counsel was ineffective in failing to request a jury charge on alibi.

(Doc. No. 1.)

On March 11, 2009, I referred the case to a Magistrate Judge for a Report and Recommendation. (Doc. No. 5.) The Magistrate has recommended that I deny relief. (Doc. No. 13.) On September 2, 2009, Petitioner filed *pro se* objections to the Report; the Commonwealth responded on September 18, 2009. (Docs. No. 14, 16.)

**Standard of Review**

The extent of my review of the Magistrate's Report is committed to my discretion. See Thomas v. Arn, 474 U.S. 140, 154 (1985); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984). I may "accept, reject or modify, in whole or in part, the [M]agistrate's findings or recommendations." Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001). I must review *de novo*, however, those portions of the Report to which specific objection is made. 28 U.S.C. § 636(b)(1)(C); see generally Goney v. Clark, 749 F.2d at 6-7.

**Discussion**

The Magistrate concluded that Petitioner's first, second and third claims were not cognizable, and that Petitioner's remaining claims (ineffective assistance of trial counsel) should be denied on the merits. I agree.

**I. Cognizability of Claim that Evidence of Prior Police Contact Should Not Have Been Admitted (Claim 1)**

The Magistrate concluded that this "claim implicates violations of state evidentiary rules, not federal law," and thus determined that the claim is not cognizable here. (Doc. No. 13.) It is well established that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions . . . [and] a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (U.S. 1991). Petitioner argues, however, that this issue is cognizable "as a denial of Due Process claim argued in terms of its prejudicial effect on the trial." (Doc. No. 13.)

Petitioner is attempting for the first time to recast his claim as constitutional to evade the Magistrate Judge's non-cognizability ruling. Because Petitioner did not raise this due process claim in his original § 2254 petition (Doc. No. 1), the Magistrate properly deemed the claim non-cognizable. Estelle, 502 U.S. at 67-68.

In any event, even if Petitioner's due process claim were cognizable, I would nonetheless deny it. Petitioner did not raise in any state court a constitutional or federal claim related to the trial court's admission of evidence. Because Petitioner's belated due process claim was not "fairly presented" in state court, it is not properly exhausted. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.") Accordingly, Petitioner's due process claim is procedurally defaulted: he has failed to exhaust the claim and can no longer do so because the PCRA's one year statute of limitations has run. See Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000) ("[C]laims deemed exhausted because of a state procedural bar are procedurally defaulted, and federal courts may not consider their merits unless the petitioner establishes cause and prejudice or a fundamental miscarriage of justice to excuse the default."). Because Petitioner has not demonstrated "cause and prejudice" to justify his default, nor that a "miscarriage of justice" would result if his claim is not considered, I may not consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838, 854 (U.S. 1999) (Procedurally defaulted claims are "ineligible for federal habeas relief save a showing of cause and prejudice or a fundamental miscarriage of justice") (internal quotation marks and citations omitted).

Finally, assuming, *arguendo,* that I could consider Petitioner's due process claim on the merits, I would reject it. A state court's admission of evidence violates the Due Process Clause only if it "so infuse[s] the trial with unfairness as to deny due process of law." Riggins v. Nevada, 504 U.S. 127, 147 (U.S. 1992) (internal quotation marks omitted). Petitioner has not remotely shown that the admission of prior police contact evidence rendered his trial "fundamentally unfair." Dawson v. Delaware, 503 U.S. 159, 179 (U.S. 1992). As the Superior Court noted, the testimony that police had previously seen Petitioner at Ms. Power's apartment complex did not "impermissibly impl[y] that [Petitioner] had taken part in prior criminal conduct at the [complex]. . . [but rather] highlighted the fact that [Petitioner] was familiar with the grounds of what is truly a complex apartment complex." Commonwealth v. King, 733 EDA 2002, at 3-4.

In sum, Petitioner has not shown that the admission of prior police contact evidence was erroneous, let alone that it rendered his trial "fundamentally unfair." Dawson, 503 U.S. at 179. Accordingly, I overrule his objection.

**II. Claim that the Trial Court's Imposition of an Enhanced Sentence Was Illegal (Claim 2)**

Petitioner argues that his "sentence was in excess of the maximum allowable on findings of a judge rather than jury," that in imposing sentence the trial court improperly relied on hearsay evidence of Defendant's prior convictions, and that his sentence violated Pennsylvania Rule of Criminal Procedure 704 (defendant must be sentenced within 120 days of conviction.) The Magistrate concluded that these contentions raised only questions of state law and so were not

cognizable. (Doc. No. 13, at 4.) Petitioner objects, arguing that the Magistrate's ruling contravenes both United States v. Apprendi and the Due Process Clause because evidence of his prior convictions was not presented to the jury and proven beyond a reasonable doubt. See 530 U.S. 466, 490 (2000). Once, again, Petitioner did not include these federal law contentions in his §2254 Petition. The Magistrate Judge thus correctly concluded that Petitioner's sentencing claim is not cognizable because it implicates only questions of state law. See Estelle v. McGuire, 502 U.S. at 67-68.

In any event, it is apparent that Petitioner's Aprendi/due process claim is meritless. Petitioner appears to argue that the trial court unconstitutionally enhanced his sentence under 42 Pa. C.S.A. §9714 (enhancements for prior crimes of violence) because the fact of his prior convictions was not determined by the trial jury. The Apprendi Court held, however, that for sentencing enhancement purposes, the fact of a prior conviction need not be determined by the jury. See Apprendi, 530 U.S. at 490 ("*Other than prior convictions*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt") (emphasis added).

In these circumstances, Petitioner's Apprendi/due process objection is overruled.

**III. Claim that PCRA Counsel was Ineffective (Claim 3)**

Petitioner argues that he was denied due process because his PCRA counsel failed "to provide effective representation." (Doc. No. 1.) The Magistrate Judge properly concluded that because Petitioner's constitutional right to counsel extended only to his direct appeal, this claim is not cognizable on federal habeas review. See Coleman v. Thompson, 501 U.S. 722, 752

(1991) (because there is no constitutional right to counsel in a state post conviction proceeding, "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."); Cristin v. Brennan, 281 F.3d 404, 420 (3d Cir. 2002) (no Sixth Amendment right to PCRA counsel).

Petitioner objects to this ruling, stating that "Due Process requires vindication of constitutional errors where Pennsylvania has made the PCRA proceedings the sole means of obtaining review of trial and direct appeal counsel's ineffectiveness." The fact remains, however, that Petitioner challenges the effectiveness of his PCRA counsel. Because there is no federal right to PCRA representation, Petitioner's claim is not cognizable. See 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); Thompson, 501 U.S. at 752.

Because the Magistrate thus properly rejected Petitioner's claim of ineffective assistance of PCRA counsel, I will overrule Petitioner's objection.

**IV. Claims of Ineffective Assistance of Trial Counsel**

Finally, Petitioner objects to the Magistrate Judge's rejection of his claims of ineffective assistance of trial counsel. (Doc. No. 1). Petitioner apparently argues that the Magistrate Judge's reliance on the state court decisions in this matter was improper because those courts failed to conduct an evidentiary hearing. (Doc. No. 14, at 3-4.) I disagree.

As I have described, Petitioner initially sought PCRA relief *pro se*, attacking the effectiveness of his trial counsel. His court-appointed PCRA counsel investigated all these

ineffectiveness allegations, determined they were meritless, and so informed the court, which denied PCRA relief. See *Letter from Bonnie-Ann Brill Keagy to Gregory King* (April 25, 2007); Commonwealth v. King, No. 773 EDA 2002 (Pa. Super. Ct. Feb. 12, 2008). The Superior and Supreme Courts did not disturb that ruling. Because the state courts thus adjudicated these ineffective assistance of trial counsel claims on the merits, Petitioner cannot obtain § 2254 relief unless those adjudications were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §§ 2254(d). The Magistrate often referred to those state court decisions simply to demonstrate that they comported with federal law. Moreover, Pennsylvania law does not guarantee a right to an evidentiary hearing in post conviction proceedings. 42 Pa. C.S. § 9541.

Petitioner's ineffectiveness contentions – and his objections to the Magistrate's rejection of those contentions – are confusing. Construing those contentions and objections liberally, it is nonetheless plain that the Magistrate Judge properly concluded that ineffectiveness Claims 4, 8, and 11 are meritless, that Petitioner failed to demonstrate prejudice with respect to ineffectiveness Claims 6, 7 and 10, and that Petitioner was unable to prove that the state court's decision involved an unreasonable application of clearly established federal law with respect to ineffectiveness Claim 5. With respect to Claim 9 – failure to raise a Batson challenge – Petitioner's PCRA counsel investigated the claim and determined that it was baseless. See *Letter from Bonnie-Ann Brill Keagy to Gregory King* (April 25, 2007). Accordingly, I agree with the PCRA Court's conclusion that Petitioner has not presented any evidence to make out a *prima facie* Batson claim. See Lewis v. Horn, 581 F.3d 92, 104 (3d Cir. 2009) (Bald assertions of prejudice do not provide sufficient "information to establish a *prima facie* case of racial

discrimination in the exercise of peremptory strikes"). Accordingly, Defendant has not shown that his trial counsel was ineffective. See Boggs v. Diguglielmo, 264 Fed. Appx. 165, 168 (3d Cir. Pa. 2008) (Defendant's ineffective assistance of counsel claim was without merit because he failed to prove purposeful discrimination under Batson). The Magistrate thus properly rejected this ineffectiveness claim.

In these circumstances, I will overrule Petitioner's objection to the Magistrate's rejection of his claims of ineffective assistance of trial counsel.

**AND NOW**, this 21st day of December, 2009, upon consideration of the Petition for Writ of Habeas Corpus (Doc. No. 1), Respondents' Answer (Doc. No. 8), the Report and Recommendation of the Magistrate Judge (Doc. No. 13), Petitioner's Objections to the Report and Recommendation (Doc. No. 14), the Response to Petitioner's Objections (Doc. No. 16), and all related submissions, it is **ORDERED** as follows:

1. Petitioner's Objections to the Report and Recommendation are **OVERRULED**;
2. The Report and Recommendation is **APPROVED** and **ADOPTED**;
3. The Petition for a Writ of Habeas Corpus is **DENIED**; and
4. There is no basis for the issuance of a certificate of appealability.
5. The Clerk of Court shall close this matter for statistical purposes.

IT IS SO ORDERED.

*/s Paul S. Diamond*
PAUL DIAMOND, J.